UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONNETTE SIGALA, | ) | Case No. EDCV 08-1000-JTL |
| Plaintiff, | ) ) | MEMORANDUM OPINION AND ORDER |
| v. | ) ) | |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) ) | |

**PROCEEDINGS**

On July 30, 2008, Ronnette Sigala ("plaintiff") filed a Complaint seeking review of the Social Security Administration's denial of her applications for Disability Insurance Benefits and Supplemental Security Income benefits. On August 15, 2008, plaintiff filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. On August 22, 2008, Michael J. Astrue, Commissioner of Social Security ("defendant"), filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on December 8, 2008, defendant filed an Answer to the Complaint. On March 16, 2009, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

**BACKGROUND**

On October 19, 2005, plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income benefits alleging a disability onset date of January 1, 2005. (See Administrative Record ["AR"] at 9). The Commissioner denied plaintiff's application for benefits both initially and upon reconsideration. (AR at 24, 23, 53-57, 48-52, 41-46). Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 37).

On August 27, 2007, the ALJ conducted a hearing in San Bernardino, California. (See AR at 338-55). Plaintiff, while informed of her right to counsel (see AR at 33-36, 340), chose to appear and testify at the hearing without representation. (AR at 341-55).

On January 22, 2008, the ALJ issued his decision denying benefits to plaintiff. (AR at 9-20). The ALJ determined that plaintiff had a severe musculoskeletal system disorder. (AR at 11). The ALJ also determined that plaintiff has diabetes mellitus and hypertension, a history of hypothyroidism and obesity, as well as a history childhood asthma; and that these conditions do not cause more than minimal limitations in plaintiff's ability to perform basic physical work activities and are, therefore, non-severe. (AR at 11-12). The ALJ found that plaintiff's conditions did not meet or equal any of the impairments contained in the Listing of Impairments (see 20 C.F.R. Part 404, Subpart P, Appendix 1). (AR at 12-14). The ALJ concluded that plaintiff retained the residual functional capacity to perform the full range of medium work, and is capable of performing her past relevant work as an assembler, cashier, medial assistant, and rehabilitation specialist. (AR at 14-19). Accordingly, the ALJ concluded that plaintiff was not disabled from January 1, 2005 through the date of the decision. (AR at 19). The Appeals Council denied plaintiff's timely request for review of the ALJ's decision. (AR at 2-4).

Thereafter, plaintiff appealed to the United States District Court.

///
///
///
///

## PLAINTIFF'S CONTENTIONS

Plaintiff makes the following claims:

1. The ALJ failed to properly consider the opinion of plaintiff's treating physician regarding plaintiff's asthma.

2. The ALJ failed to properly consider the opinion of plaintiff's treating physician regarding plaintiff's retinopathy and glaucoma.

3. The ALJ misrepresented the record regarding plaintiff's episodes of decompensation.

4. The ALJ failed to meet his duty to develop the record with regard to the vocational expert's report and failed to obtain vocational expert testimony regarding plaintiff's vocational base.

## STANDARD OF REVIEW

Under 42 U.S.C. Section 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

///
///
///
///

**DISCUSSION**

A.      **The Sequential Evaluation**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 141 (1987). Second, the ALJ must determine whether the claimant has a severe impairment. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantially gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times, the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

///

///

B.   **Plaintiff's Asthma**

Plaintiff alleges that the ALJ failed to properly consider the opinion rendered by her treating physician regarding her asthma. (Joint Stipulation at 3-4, 5). Plaintiff argues that the opinion of a treating physician is entitled to special weight and that the ALJ erred in failing to discuss the weight he assigned to the treating physician's opinion.

In a treatment noted dated July 28, 2008, plaintiff's treating physician noted: "Asthma exacerbation with COPD [Chronic Obstructive Pulmonary Disease] . . . Continue [with] Albuterol[.]"[1] (AR at 184). In the decision, the ALJ noted that plaintiff has a history of childhood asthma, which is reflected in the medical records (AR at 11 (citing AR at 246, 148)), but did not discuss plaintiff's history of asthma any further, or mention the July 28, 2008 treatment note.

The medical opinion of a treating physician is entitled to special weight. See 20 C.F.R. § 404.1527; Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ may not reject the treating physician's opinion, even if there is substantial evidence in the record contradicting the opinion of the treating physician, without providing specific and legitimate reasons for doing so that are supported by substantial evidence in the record. Reddick, 157 F.3d at 725; see also Orn v. Astrue, 495 F.3d 625, 631-32 (9th Cir. 2007). Even if a treating physician's opinion "is no longer entitled to controlling weight" because there is "substantial evidence in the record" contradicting the opinion, the opinion is "still entitled to deference and must be weighed using all the factors provided in 20 C.F.R. § 404.1527." Orn. 495 F.3d at 632 (quoting Social Security Ruling ("SSR")[2] 96-2p).

///

---

[1] Albuterol is a bronchodilator that relaxes muscles in the airways and increases air flow to the lungs. Albuterol can be used to treat or prevent bronchospasm in people with reversible obstructive airway disease, as well as to prevent exercise-induced bronchospasm. See Drugs.com, http://www.drugs.com.

[2] Social Security Rulings are issued by the Commissioner to clarify the Commissioner's regulations and policies. Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991). Although they do not have the force of law, they are nevertheless given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

An ALJ cannot avoid these requirements simply by not mentioning the treating physician's opinion and making findings contrary to it. See Embrey v. Bowen, 849 F.2d 418, 422 n.3 (9th Cir. 1988) ("The ALJ must either accept the opinions of [claimant's] treating physicians or give specific and legitimate reasons for rejecting them."). The Court cannot be left to speculate as to what would have been the ALJ's specific reasons for rejecting the treating physician's opinion. See Reddick, 157 F.3d at 725 ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.").

Here, the ALJ failed to mention the treating physician's opinion regarding plaintiff's asthma and COPD, and concluded only that plaintiff had a history of childhood asthma. The ALJ did not address the July 28, 2008 treatment note, nor did he explain why he concluded that plaintiff did not currently suffer from asthma or COPD. The ALJ failed to give deference to the opinion of plaintiff's treating physician and failed to provide specific and legitimate reasons, that are supported by substantial evidence in the record, for rejecting the treating physician's opinion. See Reddick, 157 F.3d at 725; see also Orn, 495 F.3d at 631-32. Accordingly, the ALJ's silent disregard of plaintiff's treating physician's opinion constitutes error.

The ALJ can meet the burden to properly reject the treating physician's opinion by setting out a "detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986). An ALJ may rely on the absence of objective findings to reject a treating physician's opinion. Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (inadequate clinical findings provide specific and legitimate basis for ALJ to reject treating physician's opinion); Buckhart v. Bowen, 856 F.2d 1335, 1339 (9th Cir. 1988) (proper to disregard uncontroverted treating physician's opinion when he fails to provide objective descriptions of medical findings). In addition, an ALJ may reject all or part of an examining physician's report if it contains inconsistencies, is conclusory, or inadequately supported by clinical findings. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Baston v. Comm'r, 359 F.3d 1190, 1195 (9th Cir. 2004) (affirming ALJ's rejection of the controverted opinion of claimant's treating physician

1 because the opinion was conclusory, in checklist form and not supported by the record as a whole, or by objective medical findings); see also Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ properly rejected doctor's opinion because it was in the form of check-off reports with no explanation of the basis of the conclusions).  Where the record supports an ALJ's rejection of the claimant's credibility as to subjective complaints, the ALJ is free to disregard a doctor's opinion that was premised upon the claimant's subjective complaints. Tonapetyan v. Halter, 242 F.3d 1144, 1149-50 (9th Cir. 1991) (ALJ properly rejected claimant's treating physician's opinion because it was unsupported by rationale or treatment notes and offered no objective medical findings to support the plaintiff's alleged conditions).

**C.      Remand is Required to Remedy Defects in the ALJ's Decision**

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990).

Here, the Court finds remand appropriate.  On remand, the ALJ must discuss the weight assigned to opinion of plaintiff's treating physician regarding plaintiff's asthma.[3]  If the ALJ chooses to reject the treating physician's opinion, the ALJ must provide specific and legitimate reasons for doing so that are supported by substantial evidence in the record.

///

///

---

[3] In the Joint Stipulation, plaintiff also contends that the ALJ erred in failing to give deference to the treating physician's opinion regarding plaintiff's retinopathy and glaucoma, misrepresented the record regarding plaintiff's episodes of decompensation, and failed to meet his duty to develop the record with regard to the vocational expert's report and properly obtain vocational expert testimony regarding plaintiff's vocational base.  As explained above, however, the ALJ's error in failing to properly weigh the opinion of plaintiff's treating physician regarding plaintiff's asthma constitutes sufficient reason to remand this case.  Moreover, depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address plaintiff's other arguments again.  In any event, the ALJ should consider all the issues raised by plaintiff in the Joint Stipulation when determining the merits of plaintiff's case on remand.

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS this action for further administrative proceedings consistent with this Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: April 8, 2009

/s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE